This case was before this Court, Bank v. Pugh, 8 N.C. 198. It appears from the statement that on the new trial which took place *Page 218 
pursuant to the former decision of this Court, Marcus C. Stephens, the cashier of the bank, stated as follows: That David Smith was at the time of his death a large debtor to the bank; the president of the bank, after a consultation with the directors, informed Mooring, the administrator of Smith, that he was at liberty to take bonds with good securities from the purchasers, at the sale of Smith's effects, payable to the said president and directors, and that they would receive such of the bonds as they should approve in payment of Smith's debt; that the bond now sued on was one of those taken in pursuance of such agreement, and was offered to the bank by Mooring in satisfaction of one of his intestate's notes, and the bank refused to receive it, and the cashier, by direction of the bank, returned it to Mooring to do with it as he pleased. Stephens further stated that the bank refused to receive the bond when offered by Mooring as above, because it was not thought to be as well secured as Smith's note, in lieu of (390) which it was offered, but it had indulged Mooring for a portion of his intestate's debt, awaiting the result of this suit. It was further proved by plaintiff that it was made an express condition at the sale of Smith's effects by Mooring that the purchasers should give bond with security in the form of that now sued on. To such of the evidence of Stephens as related to the authority given by the president in behalf of himself and the other directors of Mooring, to take bonds payable to them, the defendant objected on the ground that an ordinance of the board of directors, made according to the provisions of the acts establishing the bank, was necessary to constitute him an agent for that purpose, but the objection was overruled by the court.
Badger, J., who presided, charged the jury as follows:
The decision of this case on the plea of the general issue depends on the inquiry, Has there been a sufficient delivery of the bond? It is contended by the plaintiffs that Mooring was their agent, intrusted to take bonds for their use, which is denied by the defendant. If Mooring was such an agent, then the bond when taken by him was ipso facto delivered to the bank, and became the defendant's deed, and cannot be affected by any subsequent disagreement. If Mooring was not an agent for the bank for this purpose, but a mere stranger, then the delivery to him for the use of the bank did not ipso facto become a delivery to the bank, but was a delivery to them or not, according to their treatment of the act of Mooring. If the bank refused merely to accept the bond as a satisfaction or payment of Smith'sdebt and did not reject it altogether, but accepted it except as to the satisfaction, then it became the defendant's deed, and the right of action vested in the bank. But if the bank refused to ratify what had been done by Mooring, *Page 219 
not only as to the condition of satisfaction, but also in taking (391) a delivery of the bond to their use, or in other words rejected the bond generally, then it is not the deed of the defendant, and the plaintiffs cannot succeed in this action; and the court left it to the jury upon the evidence what the facts were.
The jury returned a verdict for the defendant on the plea of non estfactum. A new trial was moved for because the verdict was contrary to law and evidence, and also on the ground of misdirection of the court; it was refused, and from the judgment rendered for the defendant plaintiff appealed.
I see nothing on the record in this case to authorize the Court to grant a new trial. No question of law is appealed from. The charge of the court below appears to be quite correct, and of course I think the rule for a new trial should be discharged. (393)