On the trial the plaintiff proved that a judgment before a justice of the peace was granted against one Brown and the defendant, who was the surety of Brown in a joint bond or note not expressing any suretyship on its face; that the plaintiff stayed the judgment, and afterwards paid the same. It also appeared that some months after the judgment was given, and after the stay was out, the now plaintiff requested the plaintiff in that judgment to give him the paper, and, as he lived near Brown, he would collect the debt out of him; that several months afterwards the judgment being applied for by a constable, in order to collect it for the plaintiff in the judgment, the now plaintiff gave it to him, *Page 135 
but requested him to see the plaintiff in the judgment, and get him to grant indulgence to Brown until the succeeding autumn, when Brown would be able to pay, observing at the same time, "The plaintiff knows I am able"; that about two weeks afterwards, the constable, going to make his levy on Brown's property, was informed by the now plaintiff that Brown had confessed a judgment to him during the interval, and he had seized Brown's property under the execution; that Brown's property was accordingly sold to satisfy the now plaintiff's demand, and that Brown had, all along before that time, property enough in possession to satisfy the judgment stayed by Terrell, the now plaintiff. On this state of facts the defendant contended that Terrell, having himself prevented the collection of the debt from Brown, was not entitled to recover from the defendant. The plaintiff contended that he was the surety both of Brown and the defendant; that both were principals as to him, and that he was entitled to recover what he had paid to satisfy the debt of the defendant.
His Honor being of opinion that the plaintiff was the surety (173) as well of the defendant as of Brown, instructed the jury to find for the plaintiff. The jury retired, and after some time returned into court and asked the judge whether fraud must be proved or might be inferred, to which his Honor replied that the jury were at liberty to infer anything which the facts would properly warrant; but, nevertheless, directed them that if they believed the evidence in the case they were bound to find a verdict for the plaintiff. The jury again retired, and after some time returned with a verdict for the defendant. A new trial was moved for, on the ground that the verdict was against law and the instructions of the court; but his Honor, holding the verdict to agree with the substantial merits of the case, though against his instructions, and the strict legal merits, declined to disturb the verdict. The plaintiff's counsel then objected that the instruction to the jury that they might infer fraud was erroneous, and calculated to mislead the jury, notwithstanding the general direction to find on the evidence for the plaintiff, and prayed a new trial on that ground, which being refused, and judgment given for the defendant, the plaintiff appealed. The case was submitted without argument by
The jury could not have been misled to the prejudice of the plaintiff, for the charge of the judge was as explicit as it could be in favor of the plaintiff. There was, therefore, no error on the part of the court — at all events, of which the plaintiff can complain. Then, *Page 136 
as to error, or rather mistake of the jury in finding a verdict without evidence, or against evidence, or against law: it can, if it exist, be corrected only by the judge presiding at the trial, and, as has been often decided, is beyond the reach of this Court. Goodman v. Smith, 15 N.C. 450;Bank v. Pugh, 9 N.C. 389.
PER CURIAM. Affirmed.
Cited: Reed v. Moore, 25 N.C. 314; S. v. Gallimore, 29 N.C. 148.
(174)